# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| CARLA EVANS, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| v. ) | |
| ) | |
| BIRMINGHAM CITY SCHOOL BOARD, ) | JURY DEMAND |
| And JOHN BAKER, ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, Carla Evans (hereinafter "Mrs. Evans" or "Plaintiff") and hereby files this Complaint against Birmingham City School Board (hereinafter "Defendant" or Board"), and John Baker, ("Mr. Baker") severally and individually and states as follows:

## JURISDICTION

1. This is an action for declaratory judgment, equitable relief and monetary damages, instituted to secure the protection of and to redress the deprivation of rights secured through Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) *et seq.* (hereinafter "Title VII"), 42 U.S.C. § 1983, Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a) which provides for relief from race discrimination in employment.

2. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on November 6, 2019 (No. 420-2020-00271). The foregoing charge of race discrimination, sex discrimination and retaliation were filed within 180 days of the occurrence of the last respective discriminatory act. Plaintiff received her right to sue on December 6, 2019. Copies of the EEOC Charge and Dismissal and Notice of Rights are attached hereto as Exhibit A.

3. The unlawful practices alleged herein were committed by Defendants in Jefferson County in the state of Alabama.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, Carla Evans, a Caucasian American female citizen of the United States of America, is a resident of the state of Alabama and is over the age of 19.  At all times relevant to this action, Mrs. Evans was employed by Defendant Board.

5. Defendant Board is an employer and is subject to suit under 42 U.S.C. §2000(e) *et seq*.  At all times relevant to this action, Defendant has employed at least 15 persons. Mr. John Baker, a black male, is the immediate supervisor of the Plaintiff, who at all times relevant was acting under the color of law.

## FACTS

6. Mrs. Evans, the Plaintiff, began her employment with the Board in its Birmingham City School System in 1996, as a security officer.

7. Plaintiff worked at various locations in her job as a security guard including, Bush Hill STEM Academy, her current location.

8. Mrs. Evans is well-liked and respected among her co-workers and is paid monthly.

9. Throughout her tenure with the Birmingham City Schools, Mrs. Evans has always received good performance reviews and evaluations.  She never received any adverse or negative marks or discipline actions for any review period during her employment with the Defendant.

10. In January 2017, Mrs. Evans filed an internal grievance against Mr. Baker, her immediate supervisor, for race and sex discrimination and later filed EEOC complaint No. 420-2017-01537 in April 2017, charging the Defendants with race, sex and retaliation discrimination.

11. Unfortunately, Defendant Board and Mr. Baker's hostile actions and retaliation started soon thereafter the EEOC Complaint was filed, as Mr. Baker continuously harassed Mrs.

2

Evan to the point where she had no choice but to seek a move away from the ongoing discriminatory and retaliatory behavior.

12. Finally, on May 13, 2019, the reassignment away from Mr. Baker came to be and Mrs. Evan was transferred to Bush Hills STEM Academy School. However, the retaliation did not cease. In August of 2019, Mr. Baker intentionally refused to sign Mrs. Evan's pay timesheet, which included over 20 hours of overtime, for no reason except to continue his pattern of discrimination and retaliation. Mr. Baker signed the timecards of other similarly situated black and male security officers who worked overtime during this pay period.

13. The discriminatory and disparate treatment suffered by the Plaintiff based on her race as a Caucasian, and sex as a female, continued to the point where Mrs. Evans again was forced to file a discrimination and retaliation charge against the Board with the EEOC on or about November 6, 2019. (See paragraph No. 2)

## COUNT I—RACE DISCRIMINATION

14. Plaintiff realleges and incorporates the allegations set forth above in paragraphs 1-13 above as if set forth herein in full.

15. Defendant Board's act of refusing to pay the Plaintiff earned overtime was racially motivated in violation of the Civil Rights act of 1964, as amended.

16. Defendant Board's act of refusing to pay the Plaintiff earned overtime was committed with the intentional amicus of retaliation for engaging in a protected activity in violation of the Civil Rights act of 1964, as amended

17. Plaintiff has not a plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, wage losses, suffering of emotional distress and mental anguish, punitive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant Board's unlawful policies and practices as set forth herein,

unless enjoined by this Court.

## COUNT 11- GENDER DISCRIMINATION

18. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-17 above as if set forth herein in full.

19. Defendant Board's failure to pay the Plaintiff her rightful salary was motivated by sexual animus in violation of the Civil Rights Act of 1964, as amended. Plaintiff, a white female, was treated less favorable than similarly situated male comparators who were paid for overtime by the Defendant for the same pay period during August 2019.

20. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged, other than this action, for back pay, front pay, wage losses, suffering of emotional distress and mental anguish, punitive damages, injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein, unless enjoined by this Court.

## COUNT 111-RETALIATION

21. Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-20 above as if set forth herein in full.

22. That on or about April 2017, Plaintiff filed an EEOC charge against the Defendant Board and was subjected to harassing and hostile actions against her for filing the EEOC charge of racial and sex discrimination.

23. Namely, that Defendant Board with intent to retaliate against the Plaintiff, refused to sign her overtime time sheet in a timely matter, solely intended to harass and deprive her of earned pay. No other black or male security officers who worked overtime suffered such treatment on the pay period in August 2019. Plaintiff had earned over twenty hours of overtime for which the Defendant Board knew of yet refused to pay in a timely manner. Plaintiff suffered

compensatory damages as a result thereof although after several complaints was not paid until November 2019, some three months later.

24.     That on September 11, 2019 Mr. Baker, a black male supervisor for the Defendant Board sent Mrs. Evans a harassing text message questioning her schedule, which he knew had been set several months prior with counsel for the Defendant Board. This act was part of the ongoing retaliation and harassment intended to create a hostile work environment for the Plaintiff.

25.     That Mr. Baker continued his harassing, hostile and retaliatory behavior against the Mrs. Evans, when he sent her a text message on January 20, 2020, denying Mrs. Evans to work anymore holidays and directed her to speak to counsel for the Defendant Board without explanation or justification. Upon information and belief, no other male or black security officers were directed in this manner not to work anymore holidays.

26.     Plaintiff has no plain, adequate, or complete remedy at law to redress the retaliatory wrongs alleged, other than this action, for back pay, front pay, wage losses, suffering of emotional distress and mental anguish, punitive damages. injunctive and declaratory relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Board's unlawful policies and practices as set forth herein, unless enjoined by this Court.

**COUNT IV-42 U.S.C. SECTION 1981 and 1983 (Civil action for deprivation of rights)**

27.     Plaintiff re-alleges and incorporates the allegations set forth above in paragraphs 1-26 above as if set forth herein in full.  The effect of the Mr. Baker and the Board's discrimination as outlined herein above has been to deprive the Plaintiff of the same right to make and enforce contracts as is enjoyed by similarly situated African-Americans in violation of 42 U.S.C. §§ 1983 and 1981.

28. As a further consequence and effect of the Defendants unlawful conduct and

practices, the Plaintiff was deprived of income and other compensation and benefits.

29. The Plaintiff suffered embarrassment, humiliation, mental distress and emotional pain and anguish, as a consequence of the Defendants racially discriminatory, demeaning and unlawful conduct.

30. The unlawful intentional actions of the Defendants, alleged herein, were undertaken with malice and in reckless disregard of the Plaintiff's federally protected rights.

31. The Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is her only means of securing adequate relief.

32. The Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants unlawful policies and practices as set forth herein unless enjoined by this Court.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays that this honorable Court assumes jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies and practices, conditions, and customs of Defendant Board and Mr. Baker are violative of the rights of Plaintiff as secured by the Civil Rights Act of 1964," as amended, including the Civil Rights Act of 1991, 42 U.S.C. § 2000 (e) et seq.  (hereinafter "Title VII"), 42 U.S.C. § 1983, Civil Rights Act of 1866," 42 U.S.C. § 1981 and 1981(a).

2. Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendant Board and Mr. Baker's from continuing to violate Title VII.

3. Enter an Order requiring Defendants to make Plaintiff whole by awarding

back pay (plus interest), front pay, and/or all compensatory and punitive damages allowable under the law.

4. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, and award of costs, attorneys' fees and expenses.

Respectfully submitted, March 5, 2020.

>                               */s/ Reginald D. McDaniel*_____
>                               **REGINALD D. MCDANIEL (MCD-061)**
>                               Attorney for Plaintiff
>                               Alabama Bar No. ASB-7676-L73M

3720 4th Avenue South
Birmingham, AL 35222
205.703.0503 (P)
205.222.8656 (C)
888.357.8447 (F)
rdm@reginaldmcdaniel.com

**Of Counsel**
**Juandalynn Givan, Esquire**
Attorney for Plaintiff
Givan Law, LLC
3720 4th Avenue South
Birmingham, AL 35222

**PLAINITFF DEMANDS TRIAL BY JURY**